240    APPELLATE COURTS OF ILLINOIS.

Thompson v. Chicago, Ottawa & Peoria Ry. Co., 190 Ill. App. 240.

## Mamie Thompson, Appellee, v. Chicago, Ottawa & Peoria Railway Company, Appellant.

### Gen. No. 5,945.    (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 13, 1914.

### Statement of the Case.

Action by Mamie Thompson against the Chicago, Ottawa & Peoria Railway Company for personal injuries sustained by plaintiff in a collision between a vehicle in which she was riding and one of defendant's cars at a highway crossing. The evidence showed that when the accident happened, which was in the nighttime, the plaintiff and her sister and the latter's children were riding in a surrey driven by her sister's husband. The negligence charged was that the defendant negligently ran its car over said highway at a rapid rate of speed and also failed to ring a bell or sound a whistle, and also charged that the defendant negligently failed to keep a proper lookout. Defendant pleaded not guilty and there was a jury trial and a verdict awarding plaintiff five thousand dollars damages. Motions for a new trial and in arrest of judgment were denied and judgment entered on the verdict. To reverse the judgment, defendant appeals.

DUNCAN, DOYLE & O'CONOR, for appellant.

D. R. ANDERSON and BUTTERS & ARMSTRONG, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 733*—*when evidence insufficient to show negligence in operating car at highway crossing.* In an action against an interurban electric railway company to recover for personal injuries sustained by plaintiff in a collision between a vehicle in which she was riding and one of defendant's cars at a highway crossing, *held* that the preponderance of the evidence did not support the charges of negligence that defendant was running the car at excessive speed, or that it failed to blow the whistle on approaching the crossing, nor support any other charge of negligence in the operation of the car.

2. RAILROADS, § 607*—*care on approaching highway crossings.* In the operation of railway trains the demands and necessities of the traveling public are such that it is not required of railway companies to bring their cars to a stop or to a low speed on approaching highway crossings so that those driving on the highway and seeing the train approaching may pass over ahead of the train; on the contrary, those in charge of the train, with a proper headlight in the nighttime and after giving the customary signal, have the right to assume that a team approaching the crossing will stop before it reaches it and wait for the train to go by.